[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12313
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-00765-EAK-AAS

ANTHONY CHAMBERSEL,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 11, 2020)

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Anthony Chambersel, a Florida prisoner proceeding pro se, appeals the district court's denial of his pleading that the court construed as a petition for a writ of mandamus.  We affirm.

I.

It is unclear what relief Chambersel sought from the district court. Chambersel's pleading was titled "Notice of Appeal" and bore the caption and case numbers from two state criminal prosecutions against Chambersel in which Chambersel had entered guilty pleas a month earlier.[1]  The pleading stated, "Jurisdiction of a court can be challenge [sic]: I am under Force, Threat, Duress, Coercion, Collusion, Fraud and Treason."  Chambersel attached two other pro se pleadings that he had filed several days earlier in one of his state criminal proceedings: (1) a "Notice of Appeal" raising various issues related to his criminal cases, including the performance of his attorney, the state court's refusal to consider his pro se filings, "sovereign immunity," and a "score sheet" that listed a disputed burglary charge, and (2) a "Motion: Requesting Tax Forms" seeking relief corresponding to its title.  He also attached to his federal pleading a page of "notes," which complained about the representation provided by an unnamed person (presumably his criminal defense attorney) and provided definitions for the

---

[1] It appears that Chambersel's appeal from his state convictions was pending in Florida's Second District Court of Appeal when Chambersel filed his pleading in federal court.

terms "collusion," "fraud," "threat," "duress," and "coercion."  The district court

interpreted Chambersel's pleading as a petition for a writ of mandamus, by which

Chambersel evidently sought to force the state court to rule on the issues raised in

his state "Notice of Appeal" and provide the forms requested in his "Motion:

Requesting Tax Forms."  The district court denied the construed petition based on

the doctrine of abstention described in *Younger v. Harris*, 401 U.S. 37 (1971).

## II.

We review a district court's decision to abstain under *Younger* for an abuse

of discretion.  *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1262 (11th Cir.

2004).

## III.

On appeal, Chambersel argues that (1) his guilty pleas in the state

prosecutions were invalid and he was illegally convicted and sentenced, because

the law is a fiction; and (2) the state trial court violated his rights to freedom of

expression and to petition the government for redress by denying or failing to

respond to his numerous pro se filings raising similar "sovereign citizen"

arguments in that court.  He does not challenge the district court's interpretation of

his federal pleading as a petition for a writ of mandamus to the state court, so we

3

assume for purposes of this appeal that the district court correctly characterized the relief he sought.[2]

Proceeding on this assumption, the district court did not err in denying Chambersel's petition.  Federal courts lack the authority to issue a writ of mandamus to state courts under either the federal mandamus statute, 28 U.S.C. § 1361—which provides for the issuance of a writ of mandamus to *federal* officers and agencies—or, where mandamus is the only relief sought, the All Writs Act, 28 U.S.C. § 1651.  *See Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).  And to the extent that Chambersel sought to have the district court intervene in the ongoing state criminal proceedings on equitable grounds, the court correctly declined to do so.  Absent extraordinary circumstances, federal courts should not interfere in pending state criminal prosecutions.  *Younger*, 401 U.S. at 45; *see Hughes*, 377 F.3d at 1262–63.

Chambersel has made no showing of the kind of extraordinary circumstances contemplated in *Younger*.  He has not suggested that the prosecution against him was taken in bad faith, or that he would suffer irreparable injury apart

---

[2] Although Chambersel's district court pleading stated that he was "under Force, Threat, Duress, Coercion, Collusion, Fraud and Treason," he did not label his pleading as a habeas corpus petition, invoke 28 U.S.C. §§ 2254 or 2241, or give any other clear indication that his pleading should be construed as a collateral attack on his state convictions and sentences.  Under the circumstances, we do not fault the district court for declining to treat Chambersel's pleading as a petition for a writ of habeas corpus.  *Cf. Castro v. United States*, 540 U.S. 375, 377 (2003) (limiting district courts' authority to recharacterize a pro se pleading as a motion for federal habeas corpus relief).

from "that incidental to every criminal proceeding brought lawfully and in good faith" if the district court did not intervene. *Younger*, 401 U.S. at 49 (citation omitted). And his direct appeal was pending in Florida's Second District Court of Appeal, affording him an adequate opportunity to raise his constitutional and sovereign-citizen arguments in that venue. *See id.*; *see also 31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (We "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

On this record, the district court did not abuse its discretion in abstaining under *Younger*. We therefore affirm the district court's denial of Chambersel's construed petition for a writ of mandamus.

**AFFIRMED.**